**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**ELECTRONICALLY FILED**

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | ) ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Civil Action No. |
| MEADOWS AT FARMVIEW COUNCIL OF CO-OWNERS, INC. | ) ) ) | |
| **Serve:** Erica Beeker | ) | |
| Vertex Professional Group | ) | |
| 7908 Tanners Gate Lane | ) | |
| Florence, Kentucky 41042 | ) ) | |
| -and- | ) ) | |
| MIDDLESEX MUTUAL ASSURANCE COMPANY | ) ) | |
| **Serve:** Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) ) | |
| *Defendants* | ) ) | |

_____ )

## COMPLAINT

Comes the Plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), by counsel, and for its complaint against the Defendants, Meadows at Farmview Council of Co-Owners, Inc. ("Meadows") and Middlesex Mutual Assurance Company ("Middlesex"), states as follows:

1

INTRODUCTION

1.      This is a complaint for declaratory relief and damages pursuant to 28 U.S.C. § 2201, *et seq.*, and Fed. R. Civ. P. 57.

2.      Liberty Mutual seeks a ruling on the scope of the duties of Defendant Meadows arising out of a lawsuit brought against Liberty Mutual's insured, Vertex Professional Group, Inc. ("Vertex"), in the Commonwealth of Kentucky, Boone Circuit Court, captioned *Barbara Marshall v. Vertex Professional Group, Inc.,* Civil Action No. 16-CI-00356 ("the Suit").

3.      Liberty Mutual seeks a recovery of defense costs and other expenses required to defend Vertex for the claims asserted in the Suit and payments made by Liberty Mutual on behalf of Vertex related to the Suit.

4.      Liberty Mutual, as subrogee of Vertex, also seeks damages from Meadows and Middlesex for defense costs, expenses, and other payments made on behalf of Vertex in the Suit.

PARTIES, JURISDICTION, AND VENUE

5.      Liberty Mutual, is organized under the laws of the Commonwealth of Massachusetts, has a principal place of business located at 175 Berkeley Street, Boston, Massachusetts, and therefore is a corporate citizen of Massachusetts. Liberty Mutual is licensed to engage in the business of insurance in the Commonwealth of Kentucky.

6.      Meadows is incorporated under the laws of the Commonwealth of Kentucky, has a principal place of business in Florence, Kentucky, and therefore is a corporate citizen of Kentucky.

7.     Middlesex is incorporated under the laws of the State of Connecticut, has a principal place of business in Middletown, Connecticut, and therefore is a corporate citizen of Connecticut. Middlesex is an insurer authorized to do business in the Commonwealth of Kentucky.

8.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1332 because the amount in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest, and this action is between citizens of different States.

9.     Venue in this Court is proper under 28 U.S.C. §1391(a) because a substantial part of the acts or omissions giving rise to this complaint and the Suit occurred in this judicial district. Assignment of this action to this jury division is proper under LR 3.2(a).

10.    This Court has the power to grant the relief sought in this complaint under 28 U.S.C. §2201.

<u>GENERAL ALLEGATIONS</u>

11.    On or about March 4, 2016, a complaint was filed in the Boone Circuit Court, naming Vertex as a defendant to the Suit. A copy of the complaint filed in the Suit is attached hereto as Exhibit A.

12.    The complaint filed in the Suit alleged: that on September 24, 2015, Barbara Marshall had been a patron of Vertex's premises; that while Barbara Marshall was on Vertex's premises, she fell as proximate result of Vertex's failure to inspect and maintain the sidewalks of Vertex's property.

13.     Vertex filed a third-party complaint against Meadows, the condominium association, on May 27, 2016, for declaratory judgment, contractual indemnity, common law indemnity, and negligence. The third party complaint is attached hereto as Exhibit B.

14.     Vertex, Meadows, and Barbra Marshall entered into a release agreement concerning the Suit, the terms of which are confidential.

15.     On or about February 5, 2018, the claims of Barbra Marshall against Vertex in the Suit were dismissed, with prejudice, as settled.

16.     Liberty Mutual has not waived its right to seek reimbursement from Meadows.

17.     Liberty Mutual issued a Commercial Business Policy with a liability coverage form to Vertex in Kentucky, policy number CBP4593627, with the effective dates September 14, 2015, to September 14, 2016 (the "Liberty Policy").

18.     The Liberty Policy included an endorsement, which provided that its coverage was excess over any other valid and collectible insurance available to Vertex.

19.     Middlesex issued a Commercial Business Policy with liability coverage to Meadows in Kentucky, policy number WA0200119799-00, with effective dates of July 30, 2015, to July 30, 2016 (the "Middlesex Policy').

20.     The Middlesex Policy contains the following language:

* * * *

SECTION II – LIABILITY
A.  COVERAGES
1.  BUSINESS LIABILITY
a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal

4

and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. [. . . .].

b. This insurance applies:

(1) To "bodily injury" and "property damage" only if:

a. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory,"

b. The "bodily injury" or "property damage" occurs during the policy period; and

c. Prior to the policy period, no insured listed under paragraph C.I. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

[. . . .]

C. Who Is An Insured

1. If you are designated in the Declarations as:

[. . . .]

d. An organization other than partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[. . . .]

2. Each of the following is also an insured:

[. . . .]

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

* * * *

21.     The relationship between Vertex and Meadows is governed by the Management Agreement, which is attached hereto as Exhibit C.

22.     Pursuant to the Management Agreement, Vertex was the real estate manager of the condominium at the time of the incident alleged in the Suit.

23.     Vertex is an "insured," as defined by the Middlesex Policy.

24.    Both the Liberty Policy and the Middlesex Policy provide that they will be obligated to pay sums that "the insured [Vertex] becomes legally obligated to pay as damages because of 'injury' to which this insurance applies," and that Liberty Mutual and Middlesex "will have the right and duty to defend the insured [Vertex] against any 'suit' seeking those damages."

25.    The Liberty Policy includes an endorsement which reads, in relevant part:

* * * * * *
REAL ESTATE PROPERTY MANAGED
This endorsement modifies insurance provided under the following: Commercial General Liability Coverage Part.
[. . . .]
With respect to you liability arising out of your management of property for which you are acting as a real estate manager this insurance is excess over any other valid and collectible insurance available to you.
* * * * * *

COUNT ONE– DECLARATORY RELIEF

26.    Liberty Mutual, as equitable and contractual subrogee of Vertex, realleges each and every allegation contained in paragraphs 1 through 25 of this complaint as if fully set forth herein.

27.    Liberty Mutual provided a defense to Vertex pursuant to the Liberty Policy for the claims asserted against Vertex in the Suit and made payments on behalf of Vertex regarding the claims asserted by the plaintiffs in the Suit.

28.    Middlesex refused to provide a defense to Vertex for the claims asserted in the Suit and refused to contribute to any indemnity payment made on behalf of Vertex to satisfy the claims asserted in the Suit.

29.     An actual controversy exists as to the nature and scope of Liberty Mutual's and Middlesex's obligations under their respective policies of insurance regarding the claims asserted against Vertex in the Suit.

30.     Vertex is an "insured" of Middlesex under the Middlesex Policy for claims alleged in the Suit.

31.     The Middlesex Policy provides primary insurance to any insured, including Vertex.

32.     Liberty Mutual, as equitable and contractual subrogee of Vertex, seeks a declaration that Middlesex had a duty under the Middlesex Policy to defend and indemnify Vertex for all claims asserted against it in the Suit and, thus, Middlesex must reimburse Liberty Mutual for the defense costs, expenses, and payments made by Liberty Mutual in defending Vertex in the Suit.

33.     Liberty Mutual seeks a declaration that, pursuant to the terms of the Liberty Policy and the Middlesex Policy, Middlesex was obligated to contribute to the defense costs, expenses, and settlement payments made on behalf of Vertex on a pro rata basis and, therefore, Liberty Mutual is entitled to a pro rata reimbursement from Middlesex for the defense costs, expenses, and payments that Liberty Mutual has made on behalf of Vertex in defending the claims brought against Vertex in the Suit.

## COUNT TWO – EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION, CONTRACTUAL SUBROGATION, AND/OR CONTRACTUAL CONTRIBUTION

34.     Liberty Mutual realleges each and every allegation contained in paragraphs 1 through 33 of this complaint as if fully set forth herein.

35.    Middlesex breached its contract with Vertex by refusing to assume the defense of Vertex and by refusing to contribute to any indemnity or settlement payment made on behalf of Vertex to satisfy the claims asserted in the Suit.

36.    Liberty Mutual assumed the defense of Vertex pursuant to the Liberty Policy and made payments on behalf of Vertex to satisfy the claims asserted against Vertex in the Suit.

37.    Therefore, Liberty Mutual, as equitable and contractual subrogee of Vertex, is entitled to recover from Middlesex the defense costs, expenses, and amounts paid by Liberty Mutual in defense of the Suit, along with interest on those amounts, pursuant to the rights of equitable contribution, equitable subrogation, contractual contribution, and all other applicable legal or equitable theories of recovery.

WHEREFORE, the Plaintiff, Liberty Mutual Insurance Company, by counsel, prays and demands as follows:

1.    For a declaration that Middlesex had a duty to defend and indemnify Vertex for the claims asserted in the Suit;

2.    For a declaration that the Middlesex Policy is primary to the Liberty Policy;

3.    For indemnification in full from the Defendants for all defense costs and expenses it incurred on behalf of Vertex in the Suit;

4.    For indemnification in full from the Defendants for all sums it paid in the Suit;

5.    For pre-judgment and post-judgment interest, as allowed by law;

6.     For its costs and attorney's fees herein expended; and,

7.     For any other relief to which it may appear entitled.


Respectfully submitted,

/s/ Aida Almasalkhi
Charles H. Cassis, Esq.
Aaron J. Silletto, Esq.
Aida Almasalkhi, Esq.
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
PH: (502) 589-4440 / FAX: (502) 581-1344
aalmasalkhi@goldbergsimpson.com
*Counsel for Plaintiff*